IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JESSE JOHN ESPINOSA**     **PLAINTIFF**

**V.**     **CIVIL ACTION NO.: 1:21-cv-176-JMV**

**KILOLO KIJAKAZI**
**Acting Commissioner of the Social Security Administration**     **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding an application for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.[1] For the following reasons, the Commissioner's decision is affirmed.

**I.**     **Procedural History**

Plaintiff protectively filed applications for disability insurance benefits and supplemental security income on September 2, 2019, alleged disability beginning June 30, 2015. The Commissioner denied Plaintiff's applications initially and on reconsideration. Tr. at 109-64. Pursuant to Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on March 22,

---

[1] Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389(1971)). "It is more than a mere scintilla, and less than a preponderance." Spellman v. Shalala, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted). The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

2021, which Plaintiff attended with his attorney. *Id.* at 35-83. The ALJ issued a decision on April 28, 2021, finding Plaintiff not disabled. *Id.* at 13-34. On September 22, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's April 28, 2021, decision the Commissioner's final decision for purposes of judicial review under the Social Security Act (the Act). *Id.* at 6-11. *See also* 42 U.S.C. § 405(g); 20 C.F.R. § 416.1481.

The agency dismissed Plaintiff's prior claim on March 28, 2016, when Plaintiff failed to appear for a hearing. Tr. at 104-08. Plaintiff did not appeal that dismissal and it became administratively final. The ALJ in the instant case was thus precluded from considering Plaintiff's disability status on or before March 28, 2016, due to res judicata. *Id.* at 16-17. Thus, the ALJ considered Plaintiff's disability status beginning March 29, 2016. *Id.* at 17. The adjudicated period ends with the date of the ALJ's decision, April 28, 2021.

The Plaintiff was born on or about December 12, 1973, and he has been a younger individual at all relevant times. *Id.* at 21. Plaintiff has past relevant work as a lawyer, law clerk, university faculty member, special librarian, and library assistant. *Id.* The ALJ ruled that Plaintiff was unable to perform any past relevant work. Id. The ALJ found Plaintiff to have the following severe impairments: epilepsy, postconcussional syndrome, adjustment disorder, mood disorder, and bipolar disorder. *Id.* at 14. At step three, the ALJ found that none of Plaintiff's impairments, either alone or in combination, met or equaled the criteria of an impairment at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listings). Tr. at 20.

The ALJ then assessed Plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except lift/carry and push/pull twenty pounds occasionally and ten pounds frequently. He can stand/walk for six hours in an eight-hour workday and sit for six hours in an eight-hour

>workday. The claimant can never climb ladders, ropes, and scaffolds; and never drive a commercial vehicle. He can frequently handle, finger, and feel bilaterally. The claimant should avoid all exposure to flashing lights. He can have occasional exposure to dust, fumes, odors, and pulmonary irritants. He can perform simple, routine, repetitive tasks, but not at a production rate pace. The claimant can make simple work-related decisions; can understand, remember, and carry out simple instructions; can adapt to occasional and gradually introduced changes to the work environment; and, can sustain concentration, persistence, or pace on tasks for two-hour periods throughout an eight-hour workday with normal and customary breaks.

Tr. at 16-17.

With the assistance of a vocational expert, the ALJ found at step four that Plaintiff could not perform his past relevant work but found at step five that Plaintiff could perform other work existing in significant numbers in the national economy. *Id.* at 26-27. Accordingly, the ALJ found Plaintiff not disabled and denied his applications. *Id.* at 27. On this appeal, Plaintiff lists two issues: (1) Did the ALJ err in his analysis of the medical opinion of Janice Sammons, and (2) Did the ALJ err in his analysis of the listed impairments?

**II.     The Law**

This Court's review of the Commissioner's decision is limited to whether substantial evidence supports the Commissioner's findings, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the ALJ applied the correct legal standards. 42 U.S.C. § 405(g); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). The Commissioner's factual findings shall be conclusive if substantial evidence supports them. 42 U.S.C. § 405(g). Substantial evidence "means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation and internal quotations omitted). Conflicts in the evidence are for the Commissioner to resolve. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The Court may not reweigh the evidence, try the case de novo, or

substitute its own judgment for that of the Commissioner, even if it finds that the evidence preponderates against the Commissioner's decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988); *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant must prove his disability, as defined by the Act, to be entitled to benefits. *See Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995). A claimant also bears the burden of showing that any alleged error of law was prejudicial because the doctrine of harmless error applies to administrative determinations, and the Fifth Circuit has specifically held that it will not vacate a judgment unless the substantial rights of a party are affected. *See Shinseki v. Sanders*, 556 U.S. 396, 407-08 (2009); *Jones v. Astrue*, 691 F.3d 730, 734 (5th Cir. 2012); *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

### III. The Issues

#### a. No Error in the Analysis of Dr. Sammons' Opinion

The Plaintiff notes the ALJ stated with respect to the opinion of Janice Sammons, Ph.D. as follows:

> In October 2018, the claimant appeared before Dr. Janice Sammons for a neuropsychological evaluation. He told the doctor that he received treatment for bipolar disorder and depression. He also described a history of mood swings, mania, depression, rage, and forgetfulness. As part of the evaluation, the doctor administered intelligence testing. She observed that the claimant was in the very superior range on verbal comprehension tasks. His overall working memory was in the average range. However, his perceptual reasoning abilities and processing speed were in the below average range. When asked to alternate his attention between numbers and letters, the claimant performed in the severely impaired range. The doctor estimated that the claimant functionated in the above average

> range of intelligence pre-injury, but his post-injury functioning results in significant weakness in visual-spatial functioning, impaired executive functioning, skills, slow processing speed, and difficulties with some daily activity functions. The doctor presented a diagnostic impression of postconcussional syndrome. She further opined that the claimant may become confused by the performance of atypical routine tasks or when receiving multiple bits of information (Exhibit B8F). The undersigned finds Dr. Sammons overall opinion to be persuasive as it is based on a personal examination and shows mental limitations for his postconcussional syndrome. Yet, her accommodation opinion is not persuasive as it appears to list only possible suggestions instead of absolute medical requirements. [emphasis added].

Tr. at 19.

According to the Plaintiff, the ALJ in this case failed to consider and explain with regard to Plaintiff's slow processing speed and need for additional time for tasks, the factors of supportability and consistency in his assessment of Dr. Sammons opinion as is required by regulation §404.1527 for evaluating medical opinions for claims filed on or after March 27, 2017.

However, aside from making this conclusory statement, the Plaintiff does not explain how the ALJ's detailed commentary on Dr. Sammons' opinion or the ALJ's RFC fails to incorporate the factors of supportability and consistency with respect to processing speed and time for tasks.[2] The Defendant, on the other hand, points out that, in fact, the ALJ recognized that Dr. Sammons testing showed impaired executive functioning and slower processing speed to complete tasks. Tr. at 21, 24, 488. Then the ALJ found Dr. Sammons' overall opinion persuasive, including the opinion that Plaintiff's "processing speed" is slow and Plaintiff needs "additional time on most tasks." *Id.* at 619-22. In fact, the ALJ included in the RFC a finding that Plaintiff could not work at production

---

[2] The Plaintiff does argue (*see* Br. at 5) that the VE testified that if plaintiff needed more time to complete tasks ,there would be no jobs, but this is not persuasive as the VE, instead, merely confirmed, in response to Plaintiff's counsel questioning (*see* Tr. at 75), that there would be no jobs available for a person who" would be expected to take twice as long as another worker" to complete "the simplest tasks" or "continuously" require extra time. In this case there is no substantial evidence to support that degree of limitation.

rate pace and was limited to simple work-related decisions; [the ability to] understand, remember, and carry out simple instructions; [and the ability to] adapt to occasional and gradually introduced changes to the work environment. *Id.* at 21-22.

As for Plaintiff's further passing observation that "the ALJ, confusingly, finds Dr. Sammons' overall opinion persuasive while dismissing her accommodation opinion," the Defendant correctly points out the rationale for doing so was because the accommodations plainly appear only as suggestions instead of medical requirements.

Finally, as concerns Dr. Sammons, Plaintiff notes that he found poor performance on a test of fine motor dexterity and that since the ALJ found Dr. Sammons' overall opinion persuasive, it creates prejudice to the plaintiff for the ALJ not to not have included upper extremity limitations in the RFC. The Defendant correctly notes however, that Dr. Sammons is a psychologist without specialized training; Plaintiff has not pointed to a physical impairment that would cause problems with "fine motor dexterity" or an opinion by a physician that Plaintiff had such limitations; and in fact, State agency physician, Madena Gibson, M.D., reviewed the evidence – including Dr. Sammons' report – on April 7, 2020, and found Plaintiff had no manipulative limitations. *Id.* at 117, 132. The ALJ did not err in finding this prior administrative finding persuasive. See 20 C.F.R. § 416.913a(b)(1).

### b. The Listing Argument

To meet a listing, a claimant must prove that he satisfied all of the specified medical criteria associated with the particular listing. *Sullivan v. Zebley*, 493 U.S. 521, 532; 20 C.F.R. § 416.920; 20 C.F.R. § 416.925(c)(3). A claimant may meet Listing 12.02 or Listing 12.04[3] by showing he

---

[3] The Commissioner addresses mental listings in general and Listings 12.02 and 12.04 specifically, in the event that Plaintiff intended to address Listings 12.02 and 12.04 (Plaintiff's brief addresses "Listings 12.04 and 12.04," and the ALJ specifically addressed Listings 12.02 and 12.04). Tr. 20; Pl.'s Br. at 7. The Paragraph B and C requirements are the same for both listings. 20 C.F.R. Pt. 404, Subpt. P, § 12.00(A)(2)(b).

satisfies all of the criteria in either paragraphs A and B, or paragraphs A and C. Paragraph B in both listings requires "[e]xtreme limitation of one, or marked limitation of two," in the four broad areas of mental functioning: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. Pt. 404, Subpt. P, § 12.04(B). Paragraph C requires that the mental disorder at issue is "serious and persistent," meaning there is "a medically documented history of the existence of the disorder over a period of at least 2 years," with ongoing treatment that diminishes the symptoms, and marginal adjustment. *Id.* § 12.04(C). The ALJ determined that Plaintiff did not meet Listing 12.02 or 12.04 because he did not satisfy Paragraph B or C. Tr. at 20-21. In particular, the ALJ found Plaintiff to have moderate limitation in Plaintiff's ability to understand, remember, or apply information and a moderate limitation in Plaintiff's ability to concentrate, persist or maintain pace. Tr. at 15-16. Plaintiff argues on the other hand, he had at least a marked or extreme limitation in these broad areas of functioning.

The undersigned finds on this issue that the ALJ's findings that Plaintiff had no more than moderate limitations in the areas of understanding, remembering, or applying information and concentrating, persisting, or maintaining pace are supported by substantial evidence. In his assessment the ALJ recognized that, consistent with a moderate rating, testing by consultative examiner Janice Sammons, Ph.D., revealed that Plaintiff may be confused performing atypical tasks or receiving multiple bits of information and he showed "severely impaired" performance alternating his attention between numbers and letters, but a "moderate limitation" means the claimant has a fair ability to function in the area independently, appropriately, and effectively with actions like following one-to-two-step instructions. 20 C.F.R. Pt. 404, Subpt. P, § 12.00(F)(2)(c). In contrast, a "marked limitation" means that ability is seriously limited, and an "extreme

limitation" means the claimant is unable to function in the area independently, appropriately, effectively, and on a sustained basis. 20 C.F.R. Pt. 404, Subpt. P, § 12.00(F)(2)(d)-(e). The ALJ's finding of moderate limitation is appropriate because Dr. Sammons' testing showed Plaintiff may be confused performing new tasks and required one- or two-step oral instructions as opposed to receiving "multiple bits" of information or written instructions that may be difficult given his visual-spatial issues, but Dr. Sammons found Plaintiff was in the "very superior range on verbal comprehension tasks" and showed average overall working memory. Tr. at 24, 488, 490, 619-20. Other evidence also supports that Plaintiff had no more than moderate limitations in understanding, remembering, or applying information. Mental status examinations throughout the record reflect generally organized and logical thought processes, fair or normal insight and judgment, an appropriate fund of knowledge, intact memory, and normal cognition. *Id.* at 23, 436, 482, 505, 511, 513-14, 550, 576, 642, 1310, 1315, 1323. State agency consultant Angela Herzog, Ph.D., reviewed the evidence in March 2020 and found moderate limitations in this area, a conclusion the ALJ found persuasive. *Id.* at 24, 119-20, 134-35. Thus, substantial evidence supports the ALJ's finding that Plaintiff had no more than moderate limitation in the area of understanding, remembering, or applying information.

With respect to concentrating, persisting, or maintaining pace, the ALJ noted that Plaintiff alleged concentration difficulties and auditory hallucinations to his treating sources, and a third-party report indicated he seemed to have difficulty staying on task while in his post-graduate studies and the ALJ recognized that Dr. Sammons' testing showed impaired executive function and processing speed such that Plaintiff required additional (though unspecified) time to complete tasks. *Id.* at 21, 24, 488. However, Dr. Sammons reported that Plaintiff demonstrated average abilities on "tasks requiring selective attention and concentration and on a secondary similar task."

*Id.* at 488. Thus, there is evidence showing that though Plaintiff was limited, it was not to a serious or extreme degree.

Other evidence also supports Plaintiff having no more than moderate limitations in concentration, attention, or maintaining pace. When observed on mental status examination, attention and concentration were described as fair or normal, and Plaintiff was generally described as alert and cooperative. *Id.* at 23, 513-14, 529, 542, 550, 558, 642, 1310.5. Of note, when Plaintiff saw Timothy Gillespie, L.C.S.W., for depression and "racing thoughts" in September 2019, the therapist noted on examination that Plaintiff exhibited fair attention, which is consistent with a finding of "moderate" limitation in this area. *Id.* at 642; 20 C.F.R. Pt. 404, Subpt. P, § 12.00(F)(2)(c). Additionally, Dr. Herzog reviewed the evidence in March 2020 and ascertained moderate limitations in this area, a finding the ALJ found persuasive. Tr. at 24, 119-20, 134-35. Thus, given Plaintiff's average ability to attend and concentrate and his need for some additional time to complete tasks, the ALJ's finding of a moderate limitation in this area – indicating a fair ability to function independently, appropriately, and effectively – was appropriate. 20 C.F.R. Pt. 404, Subpt. P, § 12.00(F)(2)(c).

Finally, notably, the ALJ also determined that Plaintiff did not satisfy the Paragraph C criteria, and Plaintiff does not challenge this finding. *See Perez v. Barnhart*, 415 F.3d 457, 462 n.4 (5th Cir. 2005). In short, Plaintiff does not prove that he satisfied all specific medical criteria. *See* Pl.'s Br. at 7-9. He has not met his burden.

**IV. Conclusion**

For the foregoing reasons, the Commissioner's decision is affirmed.

**SO ORDERED**, this the 28th day of June, 2022.

> */s/* Jane M. Virden
> **UNITED STATES MAGISTRATE JUDGE**